IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE L. BOWER,

               Plaintiff,                            CV-08-1147-ST

      v.                                          OPINION AND ORDER

ASTORIA GOLF AND COUNTRY CLUB, *et al.*;
BLAIR J. HENNINGSGAARD;
COCONSPIRATORS PRESENTLY UNKNOWN;
Jointly and Severally,

               Defendants.

STEWART, Magistrate Judge:

## INTRODUCTION

Proceeding *pro se* and *in forma pauperis*, plaintiff, Jesse L. Bower ("Bower"), filed this action on October 1, 2008, against the Astoria Golf and Country Club ("AG&CC"), its former chairperson, Blair J. Henningsgaard ("Henningsgaard"), and unknown coconspirators. Bower alleges four claims for relief, each stemming from defendants' alleged trespass onto property he owns in Clatsop County, Oregon, and misappropriation of his water.

1 - OPINION AND ORDER

All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

Defendants have filed a Motion to Dismiss for Lack of Jurisdiction (docket #21), contending that Bower has failed to provide any basis on which this court can exercise jurisdiction premised either on diversity of citizenship or the existence of a question of federal law.  For the reasons that follow, defendants' motion is granted.

## CLAIMS ALLEGED

Each of Bower's four claims derives from an alleged conspiracy by defendants AG&CC, Henningsgaard, and unnamed coconspirators to trespass on May 13, 1999, on Bower's land near Neacoxie Lake in Clatsop County, Oregon.  The pleadings trace the ownership interests in the property owned by him and by AG&CC back to a Donation Land Claim No. 43, Patent No. 1926, issued in 1866.  First Amended Complaint, ¶¶ 14-29.  Bower alleges that defendants performed large excavations in his lands and constructed large water pipes, water mains, and onshore water pumps through which they misappropriated, converted and/or stole "many hundreds of millions of cubic feet of Bower dedicated Neacoxie Lake water" to irrigate AG&CC's golf course and related areas, as well as to wash and maintain golf carts, trucks, trailers, various vehicles, and gardening equipment.  First Amended Complaint, ¶¶ 31-32.  As a result of this activity, Bower alleges four claims against defendants seeking damages of over $16 million.  *Id*, ¶¶ 32, 34, 51, 54, 59-61.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants.  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221,

1225 (9th Cir 1989). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on diversity of citizenship (suits involving more than $75,000 between citizens of different states), 28 USC § 1332, on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331, or on some other statute providing original jurisdiction in federal court.

This court is bound to uphold the "bedrock principle that federal courts are courts of limited jurisdiction." *Alcala v. Holder*, 563 F3d 1009, 1016 (9th Cir 2009), citing *Cary v. Curtis*, 44 US 236, 244 (1845). The burden of establishing that jurisdiction exists rests squarely on the party asserting jurisdiction: "It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994) (internal citations omitted).

## ANALYSIS

### I. Diversity Jurisdiction

Diversity jurisdiction requires that all plaintiffs be citizens of different states than all defendants. *Pullman Co. v. Jenkins*, 305 US 534, 541 (1939). To establish diversity jurisdiction, Bower must allege that he resides in the State of Oregon, that all of the defendants reside in other states, and that he seeks damages of more than $75,000.

Bower's pleadings preclude any possibility of diversity jurisdiction. Bower is a citizen of Oregon, as are Henningsgaard and the unnamed alleged co-conspirators. First Amended

3 - OPINION AND ORDER

Complaint, ¶¶ 6-7. AG&CC is an Oregon corporation with its principal place of business in Clatsop County, Oregon. *Id*, ¶ 3 and Ex. 3. Because all parties are either citizens of Oregon or an Oregon corporation with its principal place of businesses in Oregon, there simply is no diversity jurisdiction.

## II. Federal Question Jurisdiction

To invoke federal question jurisdiction, Bower must plead that defendants have violated some constitutional or statutory provision. Bower cites a host of federal and state statutes in his pleadings as possible grounds for this court to exercise jurisdiction. However, a careful review of those statutes reveals that the bulk of them either provide no basis for jurisdiction or are simply inapplicable to Bower's underlying allegations. Several of the statutes cited by Bower provide no original jurisdictional grant to the federal courts over cases involving private parties, including: (1) the "Act of the United States Congress of September 27, 1850," Donation Land Claim Act of 1850, 31st Cong., 9 Stat. 496 (September 27, 1850) (enacted) (granting 160 acres to eligible homesteaders); *see Shulthis v. McDougal*, 225 US 561, 570 (1912) ("a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress"), citing *Blackburn v. Portland Gold Mining Co.*, 175 US 571 (1900); *Virgin v. County of San Luis Obispo*, 201 F3d 1141, 1143 (9th Cir 2000) ("[the] rule that federal land patents do not confer federal question jurisdiction has been repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts") (citations omitted); (2) 18 USC § 981 (specifying offenses which permit civil forfeiture to the United States); (3) 28 USC § 1652 (laws of states regarded as rules of decision in civil actions in federal courts except where Constitution, treaties, or Acts of Congress otherwise require);

(4) ORS 105.810-.815 (state law claim for destruction or damage of produce, trees or shrubs); and (5) ORS 221.750 (right of cities and towns to lands acquired for public use not extinguished by any adverse possession).  Two other statutes cited by Bower, while conferring original jurisdiction in federal courts, have no application to the facts as alleged by Bower, including: (1) 28 USC § 1355 (original federal court jurisdiction over claims to enforce fines, penalties, or forfeitures incurred under any Act of Congress); and (2) 28 USC § 1356 (original federal court jurisdiction over any seizure under any law of the United States on land or upon waters not subject to admiralty and maritime jurisdiction).

This leaves only two jurisdictional statutes at issue, namely 28 USC § 1331 (providing original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States) and 28 USC § 1343 (providing original jurisdiction over any civil action authorized to be commenced by any person, including those brought pursuant to 42 USC §§ 1983, 1985).  Bower alleges violations of both 42 USC § 1983 (First Amended Complaint, ¶ 10) and 42 USC § 1985 (*id*, ¶¶ 1, 9), and alleges generally that defendants' conduct constitutes a "conspiracy to violate plaintiff's civil and constitutional rights" (*id*, ¶ 53).  In particular, Bower alleges that defendants have violated Articles 1, 4, and 6, as well as Amendments 1, 4, 5, 7, 9, 13, and 14 of the United States Constitution.  *Id*, ¶ 9.  However, the underlying claims appear to suffer from insurmountable deficiencies.

First, any claim under 42 USC § 1985 requires an allegation of race or class-based animus.  *Bray v. Alexandria Women's Health Clinic*, 506 US 263, 267-68 (1993); *Burns v. County of King*, 883 F2d 819, 821 (9th Cir 1989).  Bower has made no such allegation.

5 - OPINION AND ORDER

This leaves only Bower's claim that his civil and constitutional rights were violated under 42 USC § 1983 (a claim over which this court may exercise jurisdiction pursuant to 28 USC §§ 1331, 1343).[1]  Bower alleges that his due process, equal protection, and other constitutional rights were violated by defendants' actions.  To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege, or immunity secured by the Constitution or federal law by a person acting under color of state law.  *L.W. v. Grubbs*, 974 F2d 119, 120 (9th Cir 1992), *cert denied*, 508 US 951 (1993).

In his response to the motion to dismiss, Bower eludes to possible involvement of state and county officials in the alleged conspiracy, based on a letter to him from Henningsgaard stating that all water used by AG&CC was pursuant to state issued water rights and all construction was done pursuant to building permits issued by Clatsop County.  Response to Motion to Dismiss for Lack of Jurisdiction (docket #24) (titled as Motion to Deny Defendants' Motion to Dismiss Plaintiff's Complaint), ¶ 5 and Ex. 6.  This arguably raises the specter that the private actions of AG&CC or Henningsgaard might have been taken under color of state law due to "'significant' state involvement in the action."  *Franklin v. Fox*, 312 F3d 423, 444-45 (9th Cir 2002), quoting *Johnson v. Knowles*, 113 F3d 1114, 1118 (9th Cir), *cert denied*, 522 US 996 (1997).

---

[1] 42 USC § 1983 provides in relevant part that:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

6 - OPINION AND ORDER

However, Bower names no state or any county officials as defendants and pleads no involvement by any such officials in defendants' alleged actions. Instead, the only reference to possible involvement by state or county actors is the one paragraph in Bower's Response so hinting based on Henningsgaard's letter.

Moreover, according to Bower's own allegations, any "conspiracy" and/or entry onto his land first took place on or around May 13, 1999. First Amended Complaint, ¶¶ 4, 22, 31, 37, 43. Thus, even assuming Bower could cure the deficiency of failing to allege state action, his claim under § 1983 would be barred by the statute of limitations. The statute of limitations for § 1983 actions is determined by state law. *Harding v. Galceran*, 889 F2d 906, 907 (9th Cir 1989), *cert denied*, 498 US 1082 (1991). For statute of limitations purposes, § 1983 actions are characterized as personal injury actions. *Id*. In Oregon, this period is two years. ORS 12.110(1); *Cooper v. City of Ashland*, 871 F2d 104, 105 (9th Cir 1989). Thus, Bower cannot sue defendants under § 1983 for any conduct prior to October 1, 2006 (two years prior to filing of this action on October 1, 2008).

### III. Leave to Amend

When a plaintiff appears *pro se*, the court "must construe liberally [the plaintiff's] inartful pleading." *Ortez v. Washington County, State of Oregon,* 88 F3d 804, 807 (9th Cir 1996). *See also James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (a *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment) (citations omitted).

Viewing all allegations in the First Amended Complaint as true and construing all inferences in Bower's favor, this court concludes that Bower cannot cure the deficiencies in the

7 - OPINION AND ORDER

First Amended Complaint by amendment or plead any allegation in support of his claims that would fall within this court's subject matter jurisdiction.

## **ORDER**

For the above reasons, defendants' Motion to Dismiss for Lack of Jurisdiction (docket #21) is GRANTED, and this action is dismissed with prejudice.

DATED this 5th day of June, 2009.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

8 - OPINION AND ORDER